UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIRK E. WEBSTER, SR.,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**JAMES N. MATTIS,**<br>　**SECRETARY OF DEFENSE, et. al.,**<br><br>　　　　　　Defendants. | Case No. 1:16-cv-02114-CRC |

**OPINION AND ORDER**

*Pro se* plaintiff Kirk Webster has filed this suit under Title VII of the Civil Rights Act of 1964 against the Secretary of Defense; the National Geospatial Intelligence Agency ("NGA"), a Department of Defense ("DOD")-component where Webster formerly worked; and various DOD and Equal Employment Opportunity Commission ("EEOC") management officials.  The suit stems from a 2001 letter that Webster sent the EEOC claiming that two NGA officials had conspired with an EEOC administrative law judge to improperly dismiss a discrimination complaint that Webster filed against the NGA.  In a sprawling 45-page complaint, Webster now alleges that after sending the letter, he suffered numerous job-related reprisals and was ultimately coerced into signing a separation agreement with the agency that caused him to lose valuable retirement benefits.

In addition to former Secretary of Defense Ashton Carter,[1] the Complaint names the following individual defendants:  (1) NGA Director Robert Cardillo; (2) NGA Assistant General Counsel Jack W. Rickert, whom Webster blames for most of the alleged retaliation; (3) EEOC

---

[1] The Court has automatically substituted the current Secretary of Defense, James Mattis, pursuant to Federal Rule of Civil Procedure 25(d).

Deputy General Counsel James L. Lee, whom Webster alleges improperly influenced the adjudication of his administrative discrimination claims; (4) NGA benefits specialist John Zimmerman, who Webster says misled him about the terms of the separation agreement; (5) EEOC mediator Kenneth Morse, whom Webster appears to fault for finalizing the separation agreement before he received an annuity payment that he was due; (6) DOD finance manager Theodore Harper, who sent Webster a letter seeking repayment of overpaid health insurance premiums, which Webster claims constituted a breach of the separation agreement; and (7) NGA EEO Director Patsy Coleman, who issued a decision finding that the repayment request was simply issued erroneously.

The Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the individual NGA and DOD employees are improper defendants, and under Rule 12(b)(1) on the ground that sovereign immunity bars Webster's claims against the EEOC employees. They further move, under Rule 12(b)(3), to transfer venue over the remaining claims against the Secretary of Defense to the Eastern District of Virginia. The Court will grant both motions.

**I.     Standards of Review**

　　A.     <u>Failure to State a Claim Under Rule 12(b)(6)</u>

A party may seek to dismiss a complaint under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). A complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept as

true all the factual allegations in the complaint." Leatherman v. Tarrant Cty. Narcotics Intel. Coordination Unit, 113 S. Ct. 1160, 1164 (1993).

      B.      Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

When reviewing a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the Court must "treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." Jeong Seon Han v. Lynch, 2016 WL 7209628, at *4 (D.D.C. Dec. 12, 2016). But, "unlike with a motion to dismiss under Rule 12(b)(6), the Court 'may consider material outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.'" Delta Air Lines, Inc. v. Export-Import Bank of U.S., 85 F. Supp. 3d 250, 259 (D.D.C. 2001) (quoting Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

      C.      Improper Venue Under Rule 12(b)(3)

Defendants may move to dismiss for improper venue under Rule 12(b)(3). Fed. R. Civ. P. 12(b)(3). Whether venue is proper "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex., 134 S. Ct. 568, 577 (2013). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Haley v. Astrue, 667 F. Supp. 2d 138, 140 (D.D.C. 2009) (quoting Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)). However, the burden is on the plaintiff to establish that venue is proper, see, e.g., Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011), and the Court is not obligated to accept the plaintiff's legal conclusions, Haley, 667 F. Supp. 2d at 140.

## II.     Discussion

### A.     Motion to Dismiss NGA/DOD and EEOC employees

Neither party disputes that Webster was a federal government employee when the events catalogued in his complaint allegedly took place. See Compl. 1; Def.'s Mot. Dismiss 4. Therefore, this matter was properly brought under Title VII, which protects federal employees from workplace discrimination and provides a cause of action for employees to seek redress for violations of the statute. See 42 U.S.C. § 2000e-16(a) to (c). But "'[t]he only proper defendant in a Title VII suit . . . is the head of the department, agency, or unit' in which the allegedly discriminatory acts transpired." Matta v. Snow, 2005 WL 3454334, at *2 (D.D.C. Dec. 16, 2005) (quoting Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975)). Thus, the only appropriate defendant here is the Secretary of Defense in his official capacity, and the other NGA/DOD employees must be dismissed for failure to state a claim.

While the same result would hold for the EEOC employee defendants, the Court must first address Defendants' threshold argument that it lacks subject matter jurisdiction over any claim against the EEOC or its employees. A plaintiff cannot sue a government agency or its officials unless Congress has waived their sovereign immunity by statute. FDIC v. Meyer, 510 U.S. 471, 475 (1994). And the Court is aware of no statutory waiver of immunity for claims against the EEOC or its employees based on their handling of an EEOC complaint against another agency. See Darbeau v. Library of Cong., 453 F. Supp. 2d 168, 170 (D.D.C. 2006) (the EEOC can be sued only as an employer). Webster does not allege he was employed by the EEOC. As a result, he cannot bring suit under Title VII against the EEOC or its employees in their official capacities. Id. Webster's claims against EEOC officials Lee and Morse must therefore be dismissed for lack of subject-matter jurisdiction.

B.   Motion to Transfer Venue

Because the individual defendants must be dismissed from this matter, the Court examines venue only with respect to Plaintiff's claims against the Secretary of Defense.

1.   *Proper Venue*

Venue in Title VII cases against federal employers is governed by 42 U.S.C. § 2000e-5(f)(3). See 42 U.S.C. § 2000e-16(d). Venue is only proper in the judicial district where: 1) the unlawful employment practice was alleged to occur; 2) the employment records relevant to such practice are maintained and administered; 3) the plaintiff would have worked but for the alleged unlawful employment practice; or 4) if the defendant is not within any of these judicial districts, venue may be proper in the district where the respondent has its principal office. 42 U.S.C. § 2000e–5(f)(3); see, e.g., Haley, 667 F. Supp. 2d at 140-41.

Based upon all four criteria, venue is proper in the Eastern District of Virginia, the District of Maryland, and the Eastern District of Missouri. Any unlawful *employment* practice would have occurred where Webster worked, and NGA is now located in Springfield, Virginia, and was previously headquartered in Bethesda, Maryland.[2] See Compl. 1, 13; Def.'s Mot. Dismiss 7. Webster does not contest Defendants' assertion that his employment records are stored in either Springfield, Virginia or St. Louis, Missouri. See Def.'s Mot. Dismiss 7. And finally, "the Department of Defense has its principal office in Arlington, Virginia." Jackson-Spells v. Rumsfeld, 457 F. Supp. 2d 39 (D.D.C. 2006).

---

[2] Webster does not assert that he was ever employed in Washington, D.C., where there are no NGA offices. See Compl. at 1, 13. Nor is there any legal support for Webster's assertion that the events of the EEOC mediation held in Washington, D.C. constitute an unlawful employment practice, as Webster was not an employee of the EEOC. Id. at 3; see Darbeau, 453 F. Supp. 2d at 170.

Plaintiff indicates in his opposition to Defendants' motion that he was also subjected to age discrimination, Opp'n to Mot. Dismiss 1, which is governed by the Age Discrimination in Employment Act ("ADEA").[3] Proper venue for ADEA claims is determined by the general venue statute, 28 U.S.C. § 1391. Dehaemers v. Wynne, 522 F. Supp. 2d 240, 247-48 (D.D.C. 2007). Under that provision, venue for Plaintiff's age discrimination claim is proper: 1) where a defendant in the action resides; 2) where a substantial part of the events giving rise to the claim occurred; and 3) where the plaintiff resides. 28 U.S.C. § 1391(e). Courts have consistently transferred cases that raise both Title VII and ADEA claims to courts where venue is proper for both claims. See, e.g., Archuleta v. Sullivan, 725 F. Supp. 602, 606 (D.D.C. 1989) (holding that pendant venue did not apply to Title VII claim when venue was proper only for ADEA claim); Gardner v. Mabus, 49 F. Supp. 3d 44, 47–48 (D.D.C. 2014) (transferring case with both Title VII and ADEA claims to a district where venue was proper for both claims because "there is little reason to split Plaintiff's claims" and it is "in the interest of justice to transfer the entire complaint").

Plaintiff resides in Ashburn, Virginia. See Compl. at 1, 13. The events giving rise to his claims occurred in both Springfield, Virginia and Bethesda, Maryland. Id. Defendant "resides" where he conducts his official duties. See Lamont v. Haig, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978). Secretary Mattis "performs a significant amount of his official duties" in both Washington, D.C. and at the Pentagon in Virginia. See Bartman v. Cheney, 827 F. Supp. 1, 2 (D.D.C. 1993). But because Washington D.C. is not a proper venue for Plaintiff's Title VII

---

[3] Although Plaintiff does not explicitly invoke the ADEA, *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quotations omitted). See also Brown v. Whole Foods Market Group, Inc., 789 F.3d 146, 152 (D.C. Cir. 2015) (holding that courts should consider all allegations in *pro se* plaintiffs' pleadings before dismissing a case).

6

claims, the Eastern District of Virginia and the District of Maryland are the only districts where venue is proper for *both* Plaintiff's Title VII and ADEA claims.

2. *Transfer of Venue*

"District courts have discretion to transfer a case '[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" Taylor v. Shinseki, 13 F. Supp. 3d 81, 89 (D.D.C. 2014) (quoting 28 U.S.C. § 1404(a)).  Courts should consider both public and private interest factors when deciding whether the "convenience of parties and witnesses" supports transfer.  Id. at 89-90.  Private interest factors include the parties' choice of forum, where the claim arose, and the convenience of the parties and witnesses.  Id.  Public interest factors include the transferee's familiarity with the governing laws and the local interest in deciding local controversies at home.  Id.

The totality of public and private interest factors here weigh in favor of transfer to the Eastern District of Virginia.  First, DOD is in favor of transferring the case to the Eastern District of Virginia.  See Def.'s Mot. Dismiss 7.  Second, any valid Title VII claim necessarily arose from Plaintiff's employment, and he was employed at all relevant times in Springfield, Virginia, and previously in Bethesda, Maryland.  See Compl. 1, 13.  Third, Plaintiff resides in Ashburn, Virginia, and NGA is located in Springfield, Virginia.  Id. at 1.  Fourth, the Eastern District of Virginia would be convenient to witnesses located in both Washington, D.C., where EEOC's office is located, and Springfield, Virginia, where NGA is located.  Fifth, the Eastern District of Virginia is well familiar with the applicable law.  And finally, states have an interest in handling cases alleging injuries to their residents, and Plaintiff resides in Virginia.  See Taylor, 13 F. Supp. 3d at 91-92.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion in the Alternative to Dismiss in Part and Transfer in Part is **GRANTED**. Defendants other than current Secretary of Defense, James N. Mattis, are hereby dismissed, and the Clerk of Court is ordered to transfer this case to the United States District Court for the Eastern District of Virginia.

**SO ORDERED.**

                                                                                                    _____
                                                                                                    CHRISTOPHER R. COOPER
                                                                                                    United States District Judge

Date: August 22, 2017