# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| KIRK WEBSTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES MATTIS, )<br>   Secretary of the Department of Defense, )<br>)<br>Defendant. )<br>                                               ) | Case No. 1:17-cv-1384 (TSE/IDD) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

## INTRODUCTION

In light of the unique posture of this newly transferred case, Defendant James Mattis, the United States Secretary of Defense, hereby respectfully submits this Memorandum in Support of his Motion to Stay Discovery Pending Adjudication of Defendant's Motion to Dismiss for Lack of Jurisdiction. Although Defendant recognizes that stays of discovery are unusual in this Court, this case presents several uniquely compelling circumstances that, in combination, make a stay appropriate.

First, it is now clear from Plaintiff's opposition to Defendant's motion to dismiss that he is seeking to challenge the National Geospatial-Intelligence Agency's ("NGA") decision to revoke his security clearance and the Navy's temporary reinvestigation of his wife's security clearance, among numerous other Title VII claims spanning decades of employment. As Defendant's memorandum in support of his motion to dismiss explained, the Supreme Court has recognized that an agency's decisions concerning its employees' security clearances (and any

resulting employment consequences) implicate sensitive decisions committed to the Executive Branch and courts consequently lack jurisdiction over such claims. (Dkt. Nos. 34, 45). Given the nature of Plaintiff's claims, discovery in this matter should not proceed unless or until the Court determines that it has jurisdiction over this action.

Second, Defendant's motion to dismiss has now been referred to the Magistrate Judge for a report and recommendation. At the same time, the District Judge commenced the brief, three-month discovery period on the same day the case was transferred to this district, before Defendant had an opportunity to file any dispositive motion in this Court. Taken together, these two factors mean that it is likely that the discovery period will close (on March 9, 2018) even before the District Court has conclusively resolved Defendant's jurisdictional motion. As a result, the parties and the Court face the prospect of expending substantial resources in discovery without knowing whether this Court even has jurisdiction over any portion of the action.

Third, the discovery Plaintiff has propounded to date makes it virtually inevitable that substantial involvement by the Magistrate Judge will be needed. Plaintiff's discovery requests implicate two decades of Plaintiff's EEO claims (Plaintiff claims to have made 107 claims in one EEO complaint alone) and seek documents spanning these decades, including documents even from NGA's predecessor agency. At the same time, Plaintiff seeks to depose agency attorneys in this action, raising clear attorney-client privilege concerns. Rather than embroil the Court in discovery motions practice while Defendant's motion to dismiss remains pending, the Court should stay discovery pending resolution of the jurisdictional motion. Staying discovery would not prejudice or otherwise adversely affect either party or the Court. Defendant's motion to dismiss is premised solely on Plaintiff's complaint and administrative proceedings referenced therein, and discovery at this stage is unnecessary to the issues raised by Defendant's pending

motion. If the Court ultimately finds that it has jurisdiction over any of Plaintiff's claims, the parties could resume discovery right away. Far from causing prejudice, the requested relief would further the parties' interest in securing "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## BACKGROUND

Plaintiff originally filed this action in the United States District Court for the District of Columbia against then-Secretary of Defense Ashton B. Carter and several other individual defendants from the NGA and the Equal Employment Opportunity Commission. (Dkt. No. 1.) The complaint asserts various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-20, arising out of Plaintiff's employment with the NGA. (*Id.* at 1, 3.) Plaintiff details in the sprawling complaint two decades of EEO complaints that he has litigated against the NGA and its predecessor agencies.

On August 22, 2017, the district court granted the government's motion to dismiss Plaintiff's claims against the individual defendants and to transfer this action to the United States District Court for the Eastern District of Virginia. (Dkt. No. 29.) The transfer to this district was completed on December 6, 2017. (Dkt. No. 30.) *On that same day*, this Court entered a discovery order that set the discovery period to close on March 9, 2018 and ordered Defendant to file a responsive pleading by December 22, 2017. (Dkt. No. 31.) On December 20, 2017, Defendant filed a motion to dismiss all of Plaintiff's claims for lack of jurisdiction. (Dkt. Nos. 33, 34.) Defendant originally construed Plaintiff's sprawling complaint as raising only the Title VII claims Plaintiff brought against the NGA in his last three EEO complaints. These claims were limited to claims pertaining to the formation and alleged breach of a 2012 settlement agreement with NGA, and decisions by the Navy involving Plaintiff's wife's security clearance.

(Dkt. No. 34, at 2.) Upon receipt of Plaintiff's opposition to the motion to dismiss and his discovery requests, however, it is clear that Plaintiff seeks to address twenty years of EEO complaints in this action, including, crucially, NGA's decision to revoke Plaintiff's security clearance. *See* Pl.'s Opp. (Dkt. No. 41) at 8-15; Plaintiff's Discovery Requests (Dkt. No. 43.)

On January 11, 2017, the District Court Judge referred this action to the Magistrate Judge for a report and recommendation on Defendant's motion to dismiss. (Dkt. No. 42.) A hearing on the motion is set for January 26, 2018.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes district courts to stay discovery pending resolution of a dispositive motion. *See, e.g.*, *Cognate BioServices, Inc. v. Smith*, 2015 WL 5673067, at *1 (D. Md. Sept. 23, 2015);[2] *see also Thigpen v. United States* 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion to stay discovery pending disposition of the 12(b)(1) motion."). "Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources." *Cognate*, 2015 WL 5673067, at *2 (internal citation omitted).

In deciding whether to grant a stay, courts consider several factors, including "the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery issue to the dispositive motion . . . ." *McMillian v. N. Carolina Cent. Prison*, 2011 WL 4433816, at *1 (E.D.N.C. Sept. 22, 2011).

---

[1] Counsel for Defendant met and conferred with Plaintiff, both by phone and by email, to inquire whether Plaintiff would consent to a motion to stay discovery. Plaintiff has indicated that he will not consent to this motion.

[2] Unpublished cases and orders are attached hereto as Exhibit 1.

4

**ARGUMENT**

I. **Staying Discovery Is Appropriate Pending the Court's Consideration of Whether it Has Jurisdiction Over this Case, Particularly Given the Sensitive Security Clearance Decisions Plaintiff Has Raised in His Filings**

The Supreme Court has held that discovery processes and orders issued where a court lacks subject-matter jurisdiction are void. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (holding that "the subpoena power of a court cannot be more extensive than its jurisdiction" and thus "if a district court does not have subject matter jurisdiction over the underlying action . . . then the [discovery] process is void"). As the Court recognized, there is an important distinction between discovery in aid of determining jurisdiction, which is permissible, and discovery into the merits, which is impermissible where a court lacks subject-matter jurisdiction. This rule stems from the fact that jurisdictional issues concern the court's very power to hear a case and issue orders. "[C]ourts have finite bounds of authority" and "[t]he courts, no less than the political branches of the government, must respect the limits of their authority." *Id.* at 77; *see also Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, [ ] any order it makes (other than an order of dismissal or remand) is void."); *Christopher v. Stanley- Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) (same). Moreover, Federal Rule of Civil Procedure 82 expressly states that the Federal Rules of Civil Procedure, including the discovery rules, "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. As a result, "the district court must have jurisdiction . . . before the discovery rules become operative." *Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000). "The federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others. Rather, the discovery devices in federal court stand available to

facilitate the resolution of actions cognizable in federal court." *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1213 (D.C. Cir. 1996).

Even in the joint discovery plan, Defendant noted its objection to proceeding with discovery while its jurisdictional motion was pending. (Dkt. No. 36 at n.1.) Defendant nevertheless complied with the Court's order to submit a joint discovery plan and proceed with discovery because it understood that Plaintiff was proceeding only on the Title VII claims asserted in his last three EEO complaints, pertaining to the formation and purported breach of his settlement agreement with NGA, as well as a claim pertaining to another agency's actions with respect to Plaintiff's wife's security clearance. Plaintiff's opposition to Defendant's motion to dismiss, however, suggests that Plaintiff seeks to challenge squarely *NGA's* decisions concerning his own security clearance. Pl. Opp. at 8-15. Such a claim not only dramatically expands the case, but more importantly, intrudes into NGA's sensitive decisionmaking process concerning its award and revocation of security clearances, which both the Fourth Circuit and the Supreme Court have expressly precluded courts from reviewing. *See Department of Navy v. Egan*, 484 U.S. 518 (1988); *Bercerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996), *cert. denied*, 117 S. Ct. 1087 (1997).

Particularly in light of Plaintiff's attempt to challenge NGA's decision to revoke Plaintiff's security clearance, it is appropriate to stay discovery pending the outcome of this Court's decision on Defendant's motion to dismiss. Indeed, courts in this district have granted such relief in cases, like this one, in which a plaintiff challenges an agency's security clearance decision and resulting employment consequences. *See, e.g.*, Order, Docket Entry 44, *Kruise v. Fanning*, No. 1:16-cv-830 (E.D. Va. Oct. 16, 2016) (staying proceedings pending the outcome of

the *Egan*-based motion to dismiss); Order, Docket Entry 25, *Campbell v. Speer*, No. 1:17-cv-568 (E.D. Va. June 28, 2017) (same).

## II. A Stay of Discovery Would Preserve this Court's and the Parties' Resources

On January 9, 2018, Plaintiff served Defendant with his first set of discovery requests. (Dkt. No. 43.) The requests appear to seek information germane to two decades of EEO complaints, nearly spanning the length of Plaintiff's employment with NGA and its predecessor agency. From the face of these requests, it is all but certain that this case will require substantial judicial involvement in the discovery process.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Many of Plaintiff's requests clearly fail to meet this limitation. For example, Plaintiff asks Defendant to "identify all conversations with NGA's predecessor agency Defense Mapping Agency (DMA) employees, i.e.: Irene Broadly, Sheryl Olson, Barry Weaver, Kevin Camp, and etc. with respect to Plaintiff," without any specificity. (Dkt. No. 43, Interrogatory 30.) Accordingly, Plaintiff, a former employee of over 20 years with the Defense Mapping Agency and NGA, its successor agency, seeks *every* conversation, without limitation, that employees from NGA's predecessor agency had concerning Plaintiff, presumably including sensitive conversations regarding Plaintiff's security clearance—which *Egan* bars courts from reviewing.

Plaintiff also seeks documents with no relationship to the claims or defenses in this case, including

- "documents certifying when NGA could officially perform polygraphs" (*id.*, Document Request 6);

- "performance appraisals, bonuses, awards, etc. for each Band IV Lead Analysts [*sic*] in Plaintiff's Branch from 1997 to June 2012" (*id.*, Document Request 11);

- "copies of any formal complaints of discrimination filed since January 1, 1997, with the Agency wherein any person in the Office of Source is alleged to have committed discriminatory acts, including copies of any reports of investigation" (*id.*, Document Request 13);

- "all documents related to training needed for one to become a Geospatial Analyst" (*id.*, Document Request 26).

Similarly, Plaintiff's requests raise various privilege issues that may necessitate Defendant seeking a protective order. Plaintiff has accused the NGA's Assistant General Counsel, Jack Rickert, who represented the agency in Plaintiff's EEO, MSPB, and district court cases, of retaliating against him. Plaintiff thus seeks both to depose Mr. Rickert, and to invade the attorney client communications Mr. Rickert and other NGA attorneys had with NGA officials. *See, e.g.*, Pl.'s Requests (Dkt. No. 43) at Document Request 7 ("Produce records of NGA's Associate General Counsel Susan McCoy's statements to NGA Professional Security Advisory Board as it relates to Plaintiff."); *id.* at Document Request 4 ("Produce email records between Jack Rickert and any NGA employee with respect to Plaintiff."). Though Mr. Rickert may have discoverable information pertaining to the facts of the negotiation of the settlement agreement, Plaintiff's requests reach well beyond the bounds of nonprivileged information.[3]

---

[3] Plaintiff has sought Mr. Rickert's deposition testimony, but has refused to submit a request under the Department of Defense's *Touhy* regulations, 32 C.F.R. § 97.6. (Dkt. No. 46, at 1.) In lieu of submitting such a request, Plaintiff has threatened to proceed by subpoena under Rule 45. (*Id.*) However, the Department of Defense's *Touhy* regulations clarify that "DoD personnel *shall not*, in response to a litigation request or demand, produce, disclose, release, comment upon, or testify concerning any official DoD information without the prior written approval of the appropriate DoD official . . . ." 32 C.F.R. § 97.6(c)(1) (emphasis added). The regulation further provides that an individual seeking official DoD information "must set forth, in writing and with as much specificity as possible, the nature and relevance of the official information sought. . . . and that DoD personnel may only produce, . . . or testify concerning those matters that were specified in writing and properly approved . . . ." *Id.* at § 97.6(c)(2). It is therefore possible, if

Plaintiff's representation that he will seek to depose James Lee, the Deputy General Counsel of the EEOC, raises similar concerns.

In light of the Court's decision to refer the motion to dismiss for a report and recommendation, it will likely take additional time for the Court to enter a final decision on the motion to dismiss, given that the Court will need to consider the report and recommendation along with any potential objections that the parties will file. 28 U.S.C. § 636(b)(1)(C). Given the March 9, 2018 discovery cutoff, it is possible that discovery will close before the Court has even determined whether it has jurisdiction over any of Plaintiff's claims.

By contrast, vacating the discovery order or implementing a stay will have no prejudicial effect on Plaintiff. The motion to dismiss is based only on Plaintiff's complaint and on the documents attached to and referenced within it. Plaintiff did not need discovery to oppose the motion. Further, if any of Plaintiff's claims survive, the parties can seek leave to extend the discovery period and resume discovery immediately, with a better understanding of which of Plaintiff's claims are at issue.

For these reasons, vacating the discovery order or staying discovery pending the resolution of Defendant's motion to dismiss would conserve the parties' and the Court's resources.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests, in the interest of justice and for good cause, that this Court stay discovery while the Magistrate Judge and ultimately the

---

Plaintiff does proceed, improperly, by subpoena, that Defendant may also seek to quash it or seek a protective order to prevent Mr. Rickert's deposition unless and until Plaintiff seeks the necessary authorization from the Department of Defense.

District Judge consider Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Dated: January 19, 2018.

Respectfully submitted,

DANA J. BOENTE
United States Attorney


By: _____/s/_____
    Rebecca S. Levenson
    Assistant United States Attorney
    Office of the United States Attorney
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Tel:    (703) 299-3760
    Fax:   (703) 299-3983
    Email: Rebecca.s.levenson@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

        I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing[4] to the following:

Kirk E. Webster, Sr.<br>
43184 Gatwick Square<br>
Ashburn, VA 20147<br>
kirkewebster@aol.com

Date: January 19, 2018

                                            By: _____/s/_____
                                                REBECCA S. LEVENSON
                                                Assistant U.S. Attorney
                                                2100 Jamieson Avenue
                                                Alexandria, Virginia 22314
                                                Telephone: (703) 299-3760
                                                Fax:       (703) 299-3983
                                                Email: rebecca.s.levenson@usdoj.gov

                                                *Counsel for Defendant*

---

[4] Pursuant to Mr. Webster's motion for pro se e-noticing (Dkt. No. 40) and this Court's order granting Mr. Webster e-filing (Dkt. No. 44), Mr. Webster has agreed to electronic service and agreed to waive mail service.