FILED
FEB 15 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KIRK E. WEBSTER,

Plaintiff,

v.

JAMES MATTIS,
Secretary of Defense,

Defendant.

Civil Action No. 1:17-cv-01384 (TSE/IDD)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 33.) After hearing oral argument on February 2, 2018, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Defendant's Motion, Plaintiff's Opposition to Defendant's Motion, and the exhibits attached thereto, the undersigned Magistrate Judge makes the following findings and recommends that Defendant's Motion be **GRANTED** and the Complaint be dismissed.

## I. BACKGROUND

On October 24, 2016, Plaintiff filed his Complaint in the District of Columbia under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against the Secretary of Defense.[1] (Dkt. Nos. 1, 29.) Plaintiff worked for the National Geospatial Intelligence Agency ("NGA"), which is a component of the Department of Defense. (*See* Compl. at 2; Dkt. No. 29 at 1.) Plaintiff alleges that NGA has retaliated against Plaintiff since 2003. (Compl. ¶ 21.) During oral argument, Plaintiff explained that he engaged in a protected activity by sending a letter in

[1] Plaintiff also named several other individuals in his Complaint, but the District of Columbia dismissed them from this action before transferring the case to this Court. (Dkt. No. 29.)

2001 to the Equal Employment Opportunity Commission (the "Commission"). Plaintiff's 2001 letter described "illegal EEO [Equal Employment Opportunity] activity" between NGA officials and an administrative judge for the Commission. (Compl. ¶ 6.)

In February 2012, NGA permanently revoked Plaintiff's security clearance, which Plaintiff alleges was a result of NGA's retaliatory actions. (*See* Compl. ¶¶ 45–46, 59–79.) Plaintiff also alleges that Defendant retaliated against Plaintiff's wife "for filing a joint EEO complaint in March of 2002 that exposed collusion and corruption between [NGA officials and the Commission]." (Compl. at 2.) However, in June 2012, Plaintiff entered into a settlement agreement with NGA (the "2012 Settlement Agreement") resolving "any and all claims of any nature" that Plaintiff may have had against NGA at the time Plaintiff signed the 2012 Settlement Agreement, including the aforementioned retaliation claims. (Dkt. No. 34-1 ¶ 2(B).)

Plaintiff claims that he involuntarily executed the 2012 Settlement Agreement and that the 2012 Settlement Agreement is "legally invalid[.]" (Compl. ¶¶ 25, 33.) Specifically, Plaintiff alleges that he was "under duress" at the time he agreed to the terms. (Compl. ¶¶ 90, 91.) Plaintiff explains his "duress" stemmed from "his declining health and immediate need for continued healthcare." (Compl. ¶ 90.) Plaintiff also "believes" that NGA deliberately failed to inform Plaintiff of "his statutory rights to a [discontinued service retirement,]" (Compl. ¶¶ 64–73), and that NGA's failure to inform Plaintiff of this alternative retirement option "forced" Plaintiff to accept the terms of the 2012 Settlement Agreement. (*See* Compl. ¶¶ 40–43.) Additionally, Plaintiff claims that NGA breached the 2012 Settlement Agreement and requests that his "underlying complaint" be reinstated pursuant to 29 C.F.R. § 1614.504(a). (Compl. ¶¶ 101–13.)

On December 6, 2017, this action was transferred to this Court pursuant to the District of Columbia's August 22, 2017 Order. (Dkt. Nos. 29, 30.) On December 20, 2017, Defendant filed his Motion to Dismiss for lack of subject matter jurisdiction. (Dkt. No. 33.) On January 11, 2018, Plaintiff filed his Opposition to Defendant's Motion to Dismiss. (Dkt. No. 41.) Also on January 11, 2018, the District Judge referred the matter to the undersigned Magistrate Judge. (Dkt. No. 42.) During oral argument held on February 2, 2018, the undersigned Magistrate Judge granted Defendant's Motion to Stay Discovery (Dkt. No. 48), staying discovery until Defendant's Motion to Dismiss is adjudicated. (Dkt. No. 56.)

## II. STANDARD OF REVIEW

Under Rule 12(b)(1), a defendant may move to dismiss a complaint based on the Court's lack of subject-matter jurisdiction over the cause of action. Fed. R. Civ. P. 12(b)(1). However, a plaintiff, not the movant, bears the burden of establishing jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant argues that the complaint simply fails to allege sufficient facts to establish jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In contrast, when the jurisdictional basis asserted in the complaint is challenged, the facts are not construed in the light most favorable to the plaintiff. *See id.* Moreover, the trial court may consider facts outside of the complaint to determine if it has jurisdiction "without converting the proceeding to one for summary judgment." *Id.*

## III. ANALYSIS

Plaintiff asserts that "[j]urisdiction is found on 42 U.S.C. Section 2000, et seq., 20 U.S.C. Sections 1331 and 1343(3) and (4) . . . 28 U.S.C. Sections 2201 and 2202." (Compl. ¶ 1.)

Defendant challenges Plaintiff's asserted bases for subject-matter jurisdiction rather than challenging the sufficiency of the facts alleged to support the bases. (*See* Dkt. No. 34 at 2). Thus, the Court may look beyond the Complaint. *See Adams*, 697 F.2d at 1219.

The 2012 Settlement Agreement resolved "*any and all* claims of any nature . . . whether currently *known or unknown*" at the time Plaintiff signed it. (Dkt. No. 34-1 ¶ 2(B)) (emphasis added.) Therefore, Plaintiff's retaliation claims regarding his security clearance have been resolved. 29 C.F.R. § 1614.504(a) ("Any settlement agreement knowingly and voluntarily agreed to by the parties . . . shall be binding on both parties."); *see e.g., Landino v. Carlson*, 1:10-cv-1385(LO/JFA), ECF No. 42 at 16–17 (E.D. Va. Feb. 7, 2012), *aff'd sub nom. Landino v. Sapp*, 520 F. App'x 195 (4th Cir. 2013) (dismissing claims that were subject to "a binding agency agreement").

Moreover, Plaintiff does not have standing to bring a retaliation claim on behalf of his wife because Plaintiff alleges NGA retaliated *against Plaintiff's wife*. Thus, the retaliation claim is for Plaintiff's wife to pursue, not Plaintiff. *See Thompson v. N.Am. Stainless, LP*, 562 U.S. 170, 177–78 (2011) (defining "persons aggrieved" by retaliation to include an employee who suffers an adverse action by reason of her spouse engaging in a protected activity). Accordingly, Plaintiff's current claims relate only to the validity and enforcement of the 2012 Settlement Agreement.[2]

Plaintiff followed the proper procedure to enforce the 2012 Settlement Agreement. Paragraph 5 of the 2012 Settlement Agreement provides that

---

[2] During oral argument, Plaintiff said he claims (1) Defendant breached the 2012 Settlement Agreement; and (2) Defendant failed to inform Plaintiff of his option to receive a discontinued service retirement ("DSR"). Although Plaintiff contends the latter violates a statute, Plaintiff failed to provide the statute citation or any legal basis to support his contention. Therefore, the undersigned construes the DSR claim as a challenge to the 2012 Settlement Agreement's validity, as pleaded in the Complaint. (*See* Compl. ¶¶ 40–43, 64–73.)

> [p]ursuant to 29 CFR § 1614.504, if Complainant believes that NGA has failed to comply with the terms of this Agreement, she [sic] shall notify the NGA EEO Complaints Manager, in writing . . . of the alleged noncompliance within 30 days of when the Complainant knew or reasonably should have known of the alleged noncompliance. If NGA does not respond to Complainant in writing, or if Complainant is not satisfied with the Agency's attempt to resolve the matter, Complainant may appeal to the Commission for a determination as to whether NGA has complied with the terms of the Agreement. Complainant may file such an appeal 35 days after she [sic] has served the Agency with the allegations of noncompliance, but must file an appeal within 30 days of his receipt of any Agency determination. Complainant must serve a copy of the appeal on the Agency and the Agency may submit a response to the Commission within 30 days of receiving a notice of the appeal.

(Dkt. No. 34-1 at 3–4.) However, the 2012 Settlement Agreement and Section 1614.504 are both silent as to a complainant's remedy subsequent to the Commission deciding an appeal.[3] *See Kaplan v. James*, 25 F. Supp. 3d 835 at 839 (E.D. Va. 2014). Thus, the parties dispute whether Plaintiff's remedies are entirely exhausted at the administrative level such that judicial review of the Commission's decision is improper.

Defendant relies on *Frahm v. United States*, 492 F.3d 258 (4th Cir. 2007), to contend that judicial review is improper here because sovereign immunity is not waived for claims relating to a settlement agreement under Title VII. (Dkt. No. 34 at 2.) It is clear from Plaintiff's cited authority, *e.g., Brown v. Broadcasting Bd. of Governors*, 462 F. Supp. 2d 16 (D.D.C. 2006), that Plaintiff conflates the administrative process for discrimination claims under Title VII with the remedial process for breach of a settlement agreement. (Dkt. No. 41 at 1.) Adding confusion to the matter, the Commission's final decision notified Plaintiff that he had "the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that [Plaintiff] receive[d] this decision." *Webster v. Hagel*, 2014 WL 586604, at *2, (EEOC Jan. 30, 2014) (emphasis in original).

---

[3] Paragraph 5 of the 2012 Settlement Agreement closely tracks the language of 29 C.F.R. § 1614.504 for addressing a breach of agreement.

The precedent set in *Frahm* prevents this Court from deciding Plaintiff's claims. In *Frahm*, the plaintiff brought a breach of agreement claim, similar to Plaintiff's claims here. 492 F.3d at 260–61. The district court dismissed the plaintiff's breach of agreement claim, reasoning that

> 1) the language of the settlement agreement does not allow for monetary damages as a remedy in case of breach, and 2) 29 C.F.R. § 1614.504(a) provides for two exclusive alternatives in the event of breach of a settlement agreement, neither of which includes monetary recovery.

492 F.3d at 262. The Fourth Circuit affirmed the district court's decision, concluding that Title VII's sovereign immunity waiver does not extend to "monetary claims against the government for breach of a settlement agreement" and that the plaintiff was limited to seeking the relief in 29 C.F.R. § 1614.504(a). *Id.*

This Court extended the holding in *Frahm* to nonmonetary claims of breach as well. *See Berry v. Gutierrez*, 587 F. Supp. 2d 717, 728 (E.D. Va. 2008). In *Berry*, the Court interpreted *Frahm* to "require dismissal on sovereign immunity grounds unless either the settlement agreement or a statute allows the government to be sued." *Id.* The Court also noted that a plaintiff claiming breach as a result of discrimination or retaliation "in the first instance" would not necessarily be barred from bringing such claim in federal court after exhausting his administrative remedies. *Id.* at 726 n.5.

Here, the 2012 Settlement Agreement does not provide monetary damages if either NGA or Plaintiff breaches the Agreement. (*See* Dkt. No. 34-1.) Instead, the parties are limited to specific performance or reinstatement of the complaint, as set forth in 29 C.F.R. § 1614.504(a). Although the Commission's decision may have led Plaintiff to believe this Court has jurisdiction over his claims, "boilerplate statements in an agency decision cannot waive sovereign immunity

and confer jurisdiction to this Court." *Kaplan*, 25 F. Supp. 3d at 841 (citing *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577 (1947)).

Additionally, Plaintiff has not cited, nor has the undersigned found, a statute that waives sovereign immunity for enforcing or challenging the validity of a settlement agreement entered into pursuant to Title VII. And, quite obviously, the 2012 Settlement Agreement does not contain such a provision either. The only viable claim relating to the 2012 Settlement Agreement would have been breach of the agreement as a result of discrimination or retaliation. *See Berry*, 587 F. Supp. 2d at 726 n.5. However, Plaintiff repeatedly alleges that NGA's retaliation against Plaintiff stems from a 2001 letter that Plaintiff sent to the Commission. (Compl. at 2, ¶¶ 6, 10, 19, 21, 23, 24, 48–53, 58, 127.) Indeed, during oral argument, Plaintiff emphasized that his retaliation claims arise from the 2001 letter. As explained above, the 2012 Settlement Agreement resolved those claims. Therefore, the undersigned finds that the Court lacks subject matter jurisdiction over Plaintiff's action against Defendant.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that Defendant's Motion to Dismiss be **GRANTED** and the Complaint be dismissed.

## V. NOTICE

**The parties are hereby notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and the Plaintiff.

/s/
Ivan D. Davis
United States Magistrate Judge

February 15, 2018
Alexandria, Virginia