IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **KIRK E. WEBSTER,** <br> **Plaintiff,** <br> <br> v. <br> <br> **JAMES MATTIS**, <br> Secretary of Defense**,** <br> **Defendant.** | ) <br> ) <br> ) <br> ) Civil Action No. 1:17cv1384 <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

The matter is before the Court on plaintiff's objection to the magistrate judge's February 15, 2018 Report and Recommendation (Doc. 58). The magistrate judge's Report and Recommendation concluded that the Court lacks subject matter jurisdiction over plaintiff's breach of contract action against defendant because the United States has not waived sovereign immunity with respect to defendant's breach of contract claim. The magistrate judge further recommended that plaintiff's complaint be dismissed.

Plaintiff, proceeding *pro se*, objects to the conclusion reached by the magistrate judge, arguing that because plaintiff exhausted his administrative remedies there is subject matter jurisdiction to hear his claims.[1] As the magistrate judge correctly points out, however, even assuming plaintiff has exhausted his administrative remedies "judicial review is improper here because sovereign immunity is not waived for claims relating to a settlement agreement under Title VII" and plaintiff's argument that he has exhausted his administrative remedies "conflates the administrative process for discrimination claims under Title VII with the remedial process for breach of a settlement agreement." Report and Recommendation at 5. Well-settled Fourth

---

[1] The magistrate judge also concluded that plaintiff's claim on behalf of his wife relating to alleged revocation of her security clearance was meritless, and plaintiff does not object to that conclusion.

1

Circuit authority holds that Title VII's waiver of sovereign immunity does not extend to "monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute." *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007). Because neither plaintiff's settlement agreement nor any statute waives sovereign immunity for plaintiff's breach of contract claim, there is no subject matter jurisdiction to hear plaintiff's claim.[2]

Accordingly, upon consideration of the February 15, 2018 Report and Recommendation of the United States Magistrate Judge, and upon an independent *de novo* review of the record, it is hereby **ORDERED** that the Court **ADOPTS** as its own the magistrate judge's findings of fact and recommendation as set forth in the February 15, 2018 Report and Recommendation.

It is further **ORDERED** that plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction (Doc. 33).

Should plaintiff wish to appeal this Order to the Court of Appeals for the Fourth Circuit, he must do so by filing a notice of appeal within thirty (30) days after entry of the Order, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerks is directed to send a copy of this Order to the *pro se* plaintiff and to the defendant, and to place this matter among the ended causes.

Alexandria, Virginia
February 27, 2018

/s/
T. S. Ellis, III
United States District Judge

---

[2] Neither reached nor decided is whether plaintiff has any other remedy for his claim that the government is in breach of a settlement agreement other than his breach of contract claim here.